BARKETT, Circuit Judge,
specially concurring,
WILSON, Circuit Judge, joins:
Upon reconsideration, I agree with Judge Tjoflat that this court does not have jurisdiction to review the EAB’s order and that, to enforce its determination that TVA has violated the Clean Air Act, 42 U.S.C. § 7401 et seq., the appropriate procedure is for the EPA to file an original action in the district court, just as it does in most other instances in which it has determined that a violation has occurred. See 42 U.S.C. § 7413(b) (describing civil judicial enforcement); see also Second Brief of Respondents at 9 (explaining the EPA’s normal course of action for enforcing a compliance order).
As Judge Tjoflat notes, 42 U.S.C. §§ 7413(a)(1), (3) and (5) each provide that the Administrator can conclude that there has been a violation of the requirements or prohibitions of the Clean Air Act “on the basis of any information.” Id.; see also 42 U.S.C. § 7413(a)(2) (omitting the word “any” from comparable language in the provision concerning “State failure to enforce SIP or permit program”). Having concluded “on the basis of any information” that a violation has occurred, the Administrator can either:
(1) issue an order requiring compliance with the requirements or prohibitions at issue, 42 U.S.C. §§ 7413(a)(1)(A), (a)(2)(C) and (a)(3)(B), or prohibiting construction or modification, § 7413(a)(5)(A);
(2) obtain an administrative penalty order by following the hearing procedures of the Administrative Procedure Act, 5 U.S.C. § 554 and 556, see 42 U.S.C. §§ 7413(a)(1)(B), (a)(2)(B), (a)(3)(A), (a)(5)(B), and (d);
(3) bring a civil action in district court for injunctive relief and fines, §§ 7413(a)(1)(C), (a)(2)(C), (a)(3)(C), (a)(5)(C), and (b); and/or
(4) request that the Attorney General commence a criminal action, § 7413(a)(3)(D).
Under the statutory scheme, the first option for federal enforcement — issuing an administrative order, like the EAB’s order before us — can be pursued based on “any information available,” without giving the alleged violator an opportunity to challenge the information upon which the order of compliance is based. Although an alleged violator can “challenge” the Administrator’s conclusion by conferring with him/her, the statute does not require that the Administrator consider any such arguments or evidence brought to his/her attention beyond that of a good faith effort to comply. See 42 U.S.C. § 7413(a)(4). Thereafter, the statutory scheme provides that penalties, either civil or criminal, can be assessed based only upon a showing *1261 that the terms of the order to comply were violated. See 42 U.S.C. § 7413(b)(2) (empowering the Administrator to commence a civil action for penalties against an alleged violator “whenever such person has violated, or is in violation of, ... a requirement or prohibition of any ... order ... issued ... under this chapter”); § 7413(c)(1) (subjecting any person convicted of “knowingly violating ... any order under subsection (a) of [§ 7413]” to criminal fines and/or imprisonment). This scheme must be deemed violative of the due process protections of our Constitution.
Although the Administrator in this case attempted to fill the gap in the statute and provide some process to TVA,[1] it cannot be deemed sufficient because constitutional due process cannot be provided on an ad hoc basis under the direction and control of the entity whose decision is being challenged.[2] The appropriate course of action, as noted by Judge Tjoflat, would have been for the EPA to file an action in federal district court pursuant to 42 U.S.C. § 7413(b) as it does in eases involving private energy companies. I recognize that the EPA believed that it could not have pursued this course of action against another government agency for the multitude of reasons presented and rejected in our earlier opinion in this case. However, as we have now laid all these concerns to rest, the EPA should treat TVA as it does any private energy company for enforcement purposes. Thus, the EPA’s present recourse is to file an original action in federal district court to enforce its order that a violation has occurred.
APPENDIX

§ 7IIS. Federal enforcement

(a) In general

(1) Order to comply with SIP

Whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated or is in violation of any requirement or prohibition of an applicable implementation plan or permit, the Administrator shall notify the person and the State in which the plan applies of such finding. At any time after the expiration of 30 days following the date on which such notice of a violation is issued, the Administrator may, without regard to the period of violation (subject to section 2462 of title 28)—
(A) issue an order requiring such person to comply with the requirements or prohibitions of such plan or permit,
(B) issue an administrative penalty order in accordance with subsection (d) of this section, or
(C) bring a civil action in accordance with subsection (b) of this section.

(2) State failure to enforce SIP or permit program

Whenever, on the basis of information available to the Administrator, the Admin *1262 istrator finds that violations of an applicable implementation plan or an approved permit program under subchapter V of this chapter are so widespread that such violations appear to result from a failure of the State in which the plan or permit program applies to enforce the plan or permit program effectively, the Administrator shall so notify the State. In the case of a permit program, the notice shall be made in accordance with subchapter V of this chapter. If the Administrator finds such failure extends beyond the 30th day after such notice (90 days in the case of such permit program), the Administrator shall give public notice of such finding. During the period beginning with such public notice and ending when such State satisfies the Administrator that it will enforce such plan or permit program (hereafter referred to in this section as “period of federally assumed enforcement”), the Administrator may enforce any requirement or prohibition of such plan or permit program with respect to any person by—
(A) issuing an order requiring such person to comply with such requirement or prohibition,
(B) issuing an administrative penalty order in accordance with subsection (d) of this section, or
(C) bringing a civil action in accordance with subsection (b) of this section.

(8) EPA enforcement of other requirements

Except for a requirement or prohibition enforceable under the preceding provisions of this subsection, whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated, or is in violation of, any other requirement or prohibition of this subchapter, section 7603 of this title, subchapter IV-A, subchapter V, or sub-chapter VI of this chapter, including, but not limited to, a requirement or prohibition of any rule, plan, order, waiver, or permit promulgated, issued, or approved under those provisions or subchapters, or for the payment of any fee owed to the United States under this chapter (other than sub-chapter II of this chapter), the Administrator may—
(A) issue an administrative penalty order in accordance with subsection (d) of this section,
(B) issue an order requiring such person to comply with such requirement or prohibition,
(C) bring a civil action in accordance with subsection (b) of this section or section 7605 of this title, or
(D) request the Attorney General to commence a criminal action in accordance with subsection (c) of this section.

(U) Requirements for orders

An order issued under this subsection (other than an order relating to a violation of section 7412 of this title) shall not take effect until the person to whom it is issued has had an opportunity to confer with the Administrator concerning the alleged violation. A copy of any order issued under this subsection shall be sent to the State air pollution control agency of any State in which the violation occurs. Any order issued under this subsection shall state with reasonable specificity the nature of the violation and specify a time for compliance which the Administrator determines is reasonable, taking into account the seriousness of the violation and any good faith efforts to comply with applicable requirements. In any case in which an order under this subsection (or notice to a violator under paragraph (1)) is issued to a corporation, a copy of such order (or notice) shall be issued to appropriate corporate officers. An order issued under this subsection shall require the person to *1263 whom it was issued to comply with the requirement as expeditiously as practicable, but in no event longer than one year after the date the order was issued, and shall be nonrenewable. No order issued under this subsection shall prevent the State or the Administrator from assessing any penalties nor otherwise affect or limit the State’s or the United States authority to enforce under other provisions of this chapter, nor affect any person’s obligations to comply with any section of this chapter or with a term or condition of any permit or applicable implementation plan promulgated or approved under this chapter.

(5) Failure to comply with new source requirements

Whenever, on the basis of any available information, the Administrator finds that a State is not acting in compliance with any requirement or prohibition of the chapter relating to the construction of new sources or the modification of existing sources, the Administrator may—
(A) issue an order prohibiting the construction or modification of any major stationary source in any area to which such requirement applies;[1]
(B) issue an administrative penalty order in accordance with subsection (d) of this section, or
(C) bring a civil action under subsection (b) of this section.
Nothing in this subsection shall preclude the United States from commencing a criminal action under subsection (c) of this section at any time for any such violation.

(b) Civil judicial enforcement

The Administrator shall, as appropriate, in the case of any person that is the owner or operator of an affected source, a major emitting facility, or a major stationary source, and may, in the case of any other person, commence a civil action for a permanent or temporary injunction, or to assess and recover a civil penalty of not more than $25,000 per day for each violation, or both, in any of the following instances:
(1) Whenever such person has violated, or is in violation of, any requirement or prohibition of an applicable implementation plan or permit. Such an action shall be commenced (A) during any period of federally assumed enforcement, or (B) more than 30 days following the date of the Administrator’s notification under subsection (a)(1) of this section that such person has violated, or is in violation of, such requirement or prohibition.
(2) Whenever such person has violated, or is in violation of, any other requirement or prohibition of this sub-chapter, section 7603 of this title, sub-chapter IV-A, subchapter V, or sub-chapter VI of this chapter, including, but not limited to, a requirement or prohibition of any rule, order, waiver or permit promulgated, issued, or approved under this chapter, or for the payment of any fee owed the United States under this chapter (other than subchapter II of this chapter).
(3) Whenever such person attempts to construct or modify a major stationary source in any area with respect to which a finding under subsection (a)(5) of this section has been made.
Any action under this subsection may be brought in the district court of the United States for the district in which the violation is alleged to have occurred, or is occurring, or in which the defendant resides, or where the defendant’s principal place of business is located, and such court shall have jurisdiction to restrain such violation, *1264 to require compliance, to assess such civil penalty, to collect any fees owed the United States under this chapter (other than subchapter II of this chapter) and any noneomplianee assessment and nonpayment penalty owed under section 7420 of this title, and to award any other appropriate relief. Notice of the commencement of such action shall be given to the appropriate State air pollution control agency. In the case of any action brought by the Administrator under this subsection, the court may award costs of litigation (including reasonable attorney and expert witness fees) to the party or parties against whom such action was brought if the court finds that such action was unreasonable.

(c) Criminal penalties

(1)Any person who knowingly violates any requirement or prohibition of an applicable implementation plan (during any period of federally assumed enforcement or more than 30 days after having been notified under subsection (a)(1) of this section by the Administrator that such person is violating such requirement or prohibition), any order under subsection (a) of this section, requirement or prohibition of section 7411(e) of this title (relating to new source performance standards), section 7412 of this title, section 7414 of this title (relating to inspections, etc.), section 7429 of this title (relating to solid waste combustion), section 7475(a) of this title (relating to preconstruction requirements), an order under section 7477 of this title (relating to preconstruction requirements), an order under section 7603 of this title (relating to emergency orders), section 7661a(a) or 7661b(c) of this title (relating to permits), or any requirement or prohibition of sub-chapter IV-A of this chapter (relating to acid deposition control), or subchapter VI of this chapter (relating to stratospheric ozone .control), including a requirement of any rule, order, waiver, or permit promulgated or approved under such sections or subchapters, and including any requirement for the payment of any fee owed the United States under this chapter (other than subchapter II of this chapter) shall, upon conviction, be punished by a fine pursuant to title 18 or by imprisonment for not to exceed 5 years, or both. If a conviction of any person under this paragraph is for a violation committed after a first conviction of such person under this paragraph, the maximum punishment shall be doubled with respect to both the fine and imprisonment.
(2) Any person who knowingly—
(A) makes any false material statement, representation, or certification in, or omits material information from, or knowingly alters, conceals, or fails to file or maintain any notice, application, record, report, plan, or other document required pursuant to this chapter to be either filed or maintained (whether with respect to the requirements imposed by the Administrator or by a State);
(B) fails to notify or report as required under this chapter; or
(C) falsifies, tampers with, renders inaccurate, or fails to install any monitoring device or method required to be maintained or followed under this chapter[2]
shall, upon conviction, be punished by a fine pursuant to title 18 or by imprisonment for not more than 2 years, or both. If a conviction of any person under this paragraph is for a violation committed after a first conviction of such person under this paragraph, the maximum punishment shall be doubled with respect to both the fine and imprisonment.
(3) Any person who knowingly fails to pay any fee owed the United States under *1265 this subchapter, subchapter III, IV-A, V, or VI of this chapter shall, upon conviction, be punished by a fine pursuant to title 18 or by imprisonment for not more than 1 year, or both. If a conviction of any person under this paragraph is for a violation committed after a first conviction of such person under this paragraph, the maximum punishment shall be doubled with respect to both the fine and imprisonment.
(4) Any person who negligently releases into the ambient air any hazardous air pollutant listed pursuant to section 7412 of this title or any extremely hazardous substance listed pursuant to section 11002(a)(2) of this title that is not listed in section 7412 of this title, and who at the time negligently places another person in imminent danger of death or serious bodily injury shall, upon conviction, be punished by a fine under title 18 or by imprisonment for not more than 1 year, or both. If a conviction of any person under this paragraph is for a violation committed after a first conviction of such person under this paragraph, the maximum punishment shall be doubled with respect to both the fine and imprisonment.
(5)(A) Any person who knowingly releases into the ambient air any hazardous air pollutant listed pursuant to section 7412 of this title or any extremely hazardous substance listed pursuant to section 11002(a)(2) of this title that is not listed in section 7412 of this title, and who knows at the time that he thereby places another person in imminent danger of death or serious bodily injury shall, upon conviction, be punished by a fine under title 18 or by imprisonment of not more than 15 years, or both. Any person committing such violation which is an organization shall, upon conviction under this paragraph, be subject to a fine of not more than $1,000,000 for each violation. If a conviction of any person under this paragraph is for a violation committed after a first conviction of such person under this paragraph, the maximum punishment shall be doubled with respect to both the fine and imprisonment. For any air pollutant for which the Administrator has set an emissions standard or for any source for which a permit has been issued under subchapter V of this chapter, a release of such pollutant in accordance with that standard or' permit shall not constitute a violation of this paragraph or paragraph (4).
(B) In determining whether a defendant who is an individual knew that the violation placed another person in imminent danger of death or serious bodily injury—
(i) the defendant is responsible only for actual awareness or actual belief possessed; and
(ii) knowledge possessed by a person other than the defendant, but not by the defendant, may not be attributed to the defendant;
except that in proving a defendant’s possession of actual knowledge, circumstantial evidence may be used, including evidence that the defendant took affirmative steps to be shielded from relevant information.
(C) It is an affirmative defense to a prosecution that the conduct charged was freely consented to by the person endangered and that the danger and conduct charged were reasonably foreseeable hazards of—
(i) an occupation, a business, or a profession; or
(ii) medical treatment or medical or scientific experimentation conducted by professionally approved methods and such other person had been made aware of the risks involved prior to giving consent.
The defendant may establish an affirmative defense under this subparagraph by a preponderance of the evidence.
*1266 (D) All general defenses, affirmative defenses, and bars to prosecution that may apply with respect to other Federal criminal offenses may apply under subpara-graph (A) of this paragraph and shall be determined by the courts of the United States according to the principles of common law as they may be interpreted in the light of reason and experience. Concepts of justification and excuse applicable under this section may be developed in the light of reason and experience.
(E) The term “organization” means a legal entity, other than a government, established or organized for any purpose, and such term includes a corporation, company, association, firm, partnership, joint stock company, foundation, institution, trust, society, union, or any other association of persons.
(F) The term “serious bodily injury” means bodily injury which involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.
(6) For the purpose of this subsection, the term “person” includes, in addition to the entities referred to in section 7602(e) of this title, any responsible corporate officer.

(d) Administrative assessment of civil penalties

(1) The Administrator may issue an administrative order against any person assessing a civil administrative penalty of up to $25,000, per day of violation, whenever, on the basis of any available information, the Administrator finds that such person—
(A)has violated or is violating any requirement or prohibition of an applicable implementation plan (such order shall be issued (i) during any period of federally assumed enforcement, or (ii) more than thirty days following the date of the Administrator’s notification under subsection (a)(1) of this section of a finding that such person has violated or is violating such requirement or prohibition); or
(B) has violated or is violating any other requirement or prohibition of this subchapter or subchapter III, IV-A, V, or VI of this chapter, including, but not limited to, a requirement or prohibition of any rule, order, waiver, permit, or plan promulgated, issued, or approved under this chapter, or for the payment of any fee owed the United States under this chapter (other than subchapter II of this chapter); or
(C) attempts to construct or modify a major stationary source in any area with respect to which a finding under subsection (a)(5) of this section has been made.
The Administrator’s authority under this paragraph shall be limited to matters where the total penalty sought does not exceed $200,000 and the first alleged date of violation occurred no more than 12 months prior to the initiation of the administrative action, except where the Administrator and the Attorney General jointly determine that a matter involving a larger penalty amount or longer period of violation is appropriate for administrative penalty action. Any such determination by the Administrator and the Attorney General shall not be subject to judicial review.
(2)(A) An administrative penalty assessed under paragraph (1) shall be assessed by the Administrator by an order made after opportunity for a hearing on the record in accordance with sections 554 and 556 of title 5. The Administrator shall issue reasonable rules for discovery and other procedures for hearings under this paragraph. Before issuing such an order, the Administrator shall give written notice to the person to be assessed an adminis *1267 trative penalty of the Administrator’s proposal to issue such order and provide such person an opportunity to request such a hearing on the order, within 30 days of the date the notice is received by such person.
(B) The Administrator may compromise, modify, or remit, with or without conditions, any administrative penalty which may be imposed under this subsection.
(3) The Administrator may implement, after consultation with the Attorney General and the States, a field citation program through regulations establishing appropriate minor violations for which field citations assessing civil penalties not to exceed $5,000 per day of violation may be issued by officers or employees designated by the Administrator. Any person to whom a field citation is assessed may, within a reasonable time as prescribed by the Administrator through regulation, elect to pay the penalty assessment or to request a hearing on the field citation. If a request for a hearing is not made within the time specified in the regulation, the penalty assessment in the field citation shall be final. Such hearing shall not be subject to section 554 or 556 of title 5, but shall provide a reasonable opportunity to be heard and to present evidence. Payment of a civil penalty required by a field citation shall not be a defense to further enforcement by the United States or a State to correct a violation, or to assess the statutory maximum penalty pursuant to other authorities in the chapter, if the violation continues.
(4) Any person against whom a civil penalty is assessed under paragraph (3) of this subsection or to whom an administrative penalty order is issued under paragraph (1) of this subsection may seek review of such assessment in the United States District Court for the District of Columbia or for the district in which the violation is alleged to have occurred, in which such person resides, or where such person’s principal place of business is located, by filing in such court within 30 days following the date the administrative penalty order becomes final under paragraph (2), the assessment becomes final under paragraph (3), or a final decision following a hearing under paragraph (3) is rendered, and by simultaneously sending a copy of the filing by certified mail to the Administrator and the Attorney General. Within 30 days thereafter, the Administrator shall file in such court a certified copy, or certified index, as appropriate, of the record on which the administrative penalty order or assessment was issued. Such court shall not set aside or remand such order or assessment unless there is not substantial evidence in the record, taken as a whole, to support the finding of a violation or unless the order or penalty assessment constitutes an abuse of discretion. Such order or penalty assessment shall not be subject to review by any court except as provided in this paragraph. In any such proceedings, the United States may seek to recover civil penalties ordered or assessed under this section.
(5)If any person fails to pay an assessment of a civil penalty or fails to comply with an administrative penalty order—
(A) after the order or assessment has become final, or
(B) after a court in an action brought under paragraph (4) has entered a final judgment in favor of the Administrator,
the Administrator shall request the Attorney General to bring a civil action in an appropriate district court to enforce the order or to recover the amount ordered or assessed (plus interest at rates established pursuant to section 6621(a)(2) of title 26 from the date of the final order or decision or the date of the final judgment, as the case may be). In such an action, the *1268 validity, amount, and appropriateness of such order or assessment shall not be subject to review. Any person who fails to pay on a timely basis a civil penalty ordered or assessed under this section shall be required to pay, in addition to such penalty and interest, the United States enforcement expenses, including but not limited to attorneys fees and costs incurred by the United States for collection proceedings and a quarterly nonpayment penalty for each quarter during which such failure to pay persists. Such nonpayment penalty shall be 10 percent of the aggregate amount of such person’s outstanding penalties and nonpayment penalties accrued as of the beginning of such quarter.

(e) Penalty assessment criteria

(1) In determining the amount of any penalty to be assessed under this section or section 7604(a) of this title, the Administrator or the court, as appropriate, shall take into consideration (in addition to such other factors as justice may require) the size of the business, the economic impact of the penalty on the business, the violator’s full compliance history and good faith efforts to comply, the duration of the violation as established by any credible evidence (including evidence other than the applicable test method), payment by the violator of penalties previously assessed for the same violation, the economic benefit of noncompliance, and the seriousness of the violation. The court shall not assess penalties for noncompliance with administrative subpoenas under section 7607(a) of this title, or actions under section 7414 of this title, where the violator had sufficient cause to violate or fail or refuse to comply with such subpoena or action.
(2) A penalty may be assessed for each day of violation. For purposes of determining the number of days of violation for which a penalty may be assessed under subsection (b) or (d)(1) of this section, or section 7604(a) of this title, or an assessment may be made under section 7420 of this title, where the Administrator or an air pollution control agency has notified the source of the violation, and the plaintiff makes a prima facie showing that the conduct or events giving rise to the violation are likely to have continued or recurred past the date of notice, the days of violation shall be presumed to include the date of such notice and each and every day thereafter until the violator establishes that continuous compliance has been achieved, except to the extent that the violator can prove by a preponderance of the evidence that there were intervening days during which no violation occurred or that the violation was not continuing in nature.

(f> Awards

The Administrator may pay an award, not to exceed $10,000, to any person who furnishes information or services which lead to a criminal conviction or a judicial or administrative civil penalty for any violation of this subchapter or subchapter III, IV-A, V, or VI of this chapter enforced under this section. Such payment is subject to available appropriations for such purposes as provided in annual appropriation Acts. Any officer, or employee of the United States or any State or local government who furnishes information or renders service in the performance of an official duty is ineligible for payment under this subsection. The Administrator may, by regulation, prescribe additional criteria for eligibility for such an award.

(g) Settlements; public participation

At least 30 days before a consent order or settlement agreement of any kind under this chapter to which the United States is a party (other than enforcement actions under this section, section 7420 of this title, or subchapter II of this chapter, *1269 whether or not involving civil or criminal penalties, or judgments subject to Department of Justice policy on public participation) is final or filed with a court, the Administrator shall provide a reasonable opportunity by notice in the Federal Register to persons who are not named as parties or intervenors to the action or matter to comment in writing. The Administrator or the Attorney General, as appropriate, shall promptly consider any such written comments and may withdraw or withhold his consent to the proposed order or agreement if the comments disclose facts or considerations which indicate that such consent is inappropriate, improper, inadequate, or inconsistent with the requirements of this chapter. Nothing in this subsection shall apply to civil or criminal penalties under this chapter.

(h) Operator

For purposes of the provisions of this section and section 7420 of this title, the term “operator”, as used in such provisions, shall include any person who is senior management personnel or a corporate officer. Except in the case of knowing and willful violations, such term shall not include any person who is a stationary engineer or technician responsible for the operation, maintenance, repair, or monitoring of equipment and facilities and who often has supervisory and training duties but who is not senior management personnel or a corporate officer. Except in the case of knowing and willful violations, for purposes of subsection (c)(4) of this section, the term “a person” shall not include an employee who is carrying out his normal activities and who is not a part of senior management personnel or a corporate officer. Except in the case of knowing and willful violations, for purposes of paragraphs (1), (2), (3), and (5) of subsection (c) of this section the term “a person” shall not include an employee who is carrying out his normal activities and who is acting under orders from the employer.

§ 7U77. Enforcement

The Administrator shall, and a State may, take such measures, including issuance of an order, or seeking injunctive relief, as necessary to prevent the construction or modification of a major emitting facility which does not conform to the requirements of this part, or which is proposed to be constructed in any area designated pursuant to section 7407(d) of this title as attainment or unclassifiable and which is not subject to an implementation plan which meets the requirements of this part.

. After conferring with TVA and amending the initial compliance order several times, the EPA crafted a reconsideration procedure during which (1) the parties engaged in pre-hearing discovery over two months and (2) an administrative law judge (ALJ) presided over a multi-day evidentiary hearing where each party presented and cross-examined witnesses. The ALJ then prepared and transmitted the entire record to the EAB for its consideration.

. To avoid this due process violation, we conclude that no penalties or other adverse consequences could flow directly from administrative compliance orders. Thus, we can have no jurisdiction over the order before us under 42 U.S.C. § 7607(b)(1) because it lacks the legal consequences required under FTC v. Standard Oil of Calif., 449 U.S. 232, 239-43, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980), to make it a final agency action.

. So in original. The semicolon probably should be a comma.

. So in original. Probably should be followed by a comma.